UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Ruben Ponce, Jr.,<br>   Plaintiff, | CIVIL ACTION<br>NO: 20-cv-1686 |
| v. | |
| Intertek USA Inc., Offshore Marine<br>Contractors, Inc., and Arena Offshore,<br>LLC<br>   Defendants. | JURY DEMANDED |

### Plaintiff's Original Petition and Jury Demand

TO OUR HONORABLE JUDGE & JURY:

COMES NOW Plaintiff, RUBEN PONCE, JR. ("Mr. Ponce"), and files this Petition and Jury Demand, and would respectfully show the following:

■ **PARTIES** ■

1.1   Mr. Ponce is resident of the State of Texas.

1.2   Defendant Intertek USA Inc. ("Intertek") is a corporation operated for the purpose of accumulating monetary profit, and that regularly does business in a systematic and continuous manner in the State of Louisiana. Intertek may be served with service of process upon its registered agent for service, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

1.3   Defendant Offshore Marine Contractors, Inc. ("Offshore Marine") is a corporation operated for the purpose of accumulating monetary profit, but which does business in a systematic and continuous manner in the State of Louisiana.  Offshore Marine may be served with service of process on its registered agent Martin S. Bohman, 133 West 113th

Street, Cut Off, Louisiana 70345.

1.4     Defendant Arena Offshore, LLC ("Arena Offshore") is a foreign limited liability company operated for the purpose of accumulating monetary profit, but which does business in a systematic and continuous manner in the State of Louisiana.  Arena Offshore may be served with service of process on its registered agent CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

■ JURISDICTION AND VENUE ■

2.1     Mr. Ponce sues for damages in excess of $75,000, and jurisdiction is proper in this Court under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et seq.*, based on the facts and circumstances of the claim against Defendants Intertek and Arena Offshore. In addition, the Court has supplemental jurisdiction over the claims against Defendant Offshore Marine under 28 U.S.C. § 1367 because the claims against Defendant Offshore Marine are so related to the claims against Defendants Intertek and Arena Offshore that they form part of the same case or controversy under Article III of the United States Constitution.  In the alternative, jurisdiction is proper in this Court under general maritime law and pursuant to the "saving to suitors" clause.

2.2     Venue in this District is proper as it satisfies the requirements of 28 U.S.C. § 1391, in that Defendant conducts substantial business in and is subject to personal jurisdiction in the District of this Court.

## ■ FACTUAL BACKGROUND ■

3.1     This case is brought under OCSLA against Defendants Intertek and Arena Offshore and under the general maritime law of the United States of America and/or Section 905(b) of the Longshore and Harbor Workers' Compensation Act against Defendant Offshore Marine. This suit is necessary to collect a legal debt and damages due and owing Mr. Ponce due to the negligence of Intertek, Arena Offshore, and Offshore Marine, and the negligence Defendants' crew and the condition and crew of Offshore Marine's vessel, the L/B Raimy Eymard (the "Vessel"), directly contributing to serious injuries to Mr. Ponce on or about October 7, 2019 ("the incident in question"). On the date of the incident in question, Mr. Ponce was involved in operations, including moving a spider basket, that were under the control and supervision of Intertek, Arena Offshore, and Offshore Marine near the Arena Platform in the Gulf of Mexico.  Intertek, Arena Offshore, and Offshore Marine, who were in charge of the operations, by and through their employees, supervisors, and Offshore Marine's crane operator on the Vessel, negligently gave orders to move a spider basket between the platform and the Vessel during dangerous sea and weather conditions, including strong winds, rain, and rough seas. Intertek, Arena Offshore, and Offshore Marine should have suspended operations under these conditions. Compounding this unreasonable conduct, Offshore Marine, Arena Offshore, and Intertek failed to ensure proper and adequate communication during the task, including but not limited to failing to provide two-way radios or other adequate communication and improperly moving the spider basket when it placed the

crew in danger. As a result, the spider basket was out of control during operations and a line wrapped around Mr. Ponce's right hand resulting in a serious injury, including partial amputation of two fingers.

3.2    Offshore Marine was the owner and/or operator of the Vessel and was responsible for its dangerous and negligently maintained conditions, which was a legal cause of Mr. Ponce's injuries. The dangerous and defective condition of the Vessel violated applicable laws and regulations of the United States of America for vessels. Based upon the condition of the Vessel and their unreasonable conduct during these loading operations, Offshore Marine, Arena Offshore, and Intertek are liable for negligence, negligence per se, and in strict liability.

3.3    Mr. Ponce would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Mr. Ponce was injured was proximately caused by the negligence, as that term is understood in law, on the part of Defendants.

## ■ FIRST CAUSE OF ACTION—NEGLIGENCE ■

4.1    Paragraphs 1.1 through 3.3 are incorporated by reference as though fully set forth herein.

4.2    Defendants, by and through their employees, representatives, and managers, were negligent in creating the dangerous condition that proximately resulted in Mr. Ponce's injuries and in failing to provide adequate crew, equipment, operations and in other respects. Under the circumstances presented by Defendants' violations of law, Defendants

are also liable for negligence per se.

## ■ SECOND CAUSE OF ACTION — GROSS NEGLIGENCE ■

5.1     Paragraphs 1.1 through 4.2 are incorporated by reference as though fully set forth herein.

5.2     The acts and omissions of DEFENDANTS, in conscious disregard of the safety of workers such as Mr. Ponce, also rose to the level that would constitute gross negligence, in that Defendants, acting through their employees/agents/representatives recklessly and dangerously failed to carry out its important safety obligations, justifying exemplary damages under the general maritime law of the United States.

## ■ DAMAGES ■

6.1     By reason of the incident in question, Mr. Ponce sustained bodily injuries, and because of the nature and severity of the injuries sustained, he has suffered physical pain and mental anguish, and of reasonable probability will continue to suffer physical pain and mental anguish in the future. At the time of the incident in question, Mr. Ponce was a healthy, able-bodied workingman who sustained injuries and will continue to suffer as a result of the incident physical impairment and disfigurement.

6.2     These very painful and disabling injuries have caused Mr. Ponce to sustain a loss of earnings and wage-earning capacity in the past, and this condition will exist in the future. Because of the nature and severity of the injuries he has sustained, Mr. Ponce has required medical treatment in the past, and in reasonable probability he will require other and additional medical treatment in the future. Charges for such medical treatment that have

been made in the past and those which of reasonable probability will be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

6.3    Mr. Ponce would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Mr. Ponce here and now specifically sues for recovery of pre-judgment interest from the date of the incident made the basis of this suit until the date of the judgment herein, as provided by law and equity, under the applicable provisions of the laws of the State of Louisiana and the United States of America. Plaintiff is also entitled to exemplary or punitive damages, as alleged herein.

### ■ JURY DEMAND■

Mr. Ponce hereby demands a trial by jury, a right enshrined in the Constitutions of the United States of America and the State of Louisiana and preserved by the sacrifices of many. The necessary jury fee has been and will be paid.

### ■ PRAYER ■

**WHEREFORE, PREMISES CONSIDERED,** Mr. Ponce prays:

(a)    That process in due form of law according to the practice of this Honorable Court issue against the Defendants, citing them to appear and answer all and singular the matters aforesaid;

(b)    The damages provided by law for the injuries sustained by RUBEN PONCE, JR.

(c)     Such other and further relief that this Court may deem appropriate.

          Respectfully submitted,

          _/s/ Eric R. Nowak_____
Eric R. Nowak (La. #27025)
HARRELL & NOWAK, LLC
909 Poydras St., Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 522-7885
Facsimile: (504) 528-3131
enowak@hnjustice.com
    and
MICHAEL PATRICK DOYLE
Texas State Bar No. 06095650
PATRICK M. DENNIS
Texas State Bar No. 24045777
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713) 571-1146
Fax: (713) 571-1148
service@doylelawfirm.com
    and
Jorge L. Gomez
Texas State Bar No. 00793825
1613 Witte Road
Houston, Texas 77080
Phone: (713) 868-5528
Fax: (713) 868-4159
jlg@gomezlawfirm.com

**ATTORNEYS FOR PLAINTIFF**