UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RUBEN PONCE, JR. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 20-cv-1686 |
| | * | |
| INTERTEK USA, INC., OFFSHORE MARINE CONTRACTORS, INC., AND ARENA OFFSHORE, LLC | * * * | JURY DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

NOW INTO COURT comes Defendant, INTERTEK USA, INC., (sometimes referred to herein as "Defendant" or "INTERTEK"), who, in answer to Plaintiff's Original Petition and Jury Demand of RUBEN PONCE, JR. (sometimes referred to herein as "Plaintiff" or "RUBEN"), avers as follows:

### FIRST DEFENSE

The claims of Plaintiff are prescribed.

### SECOND DEFENSE

The Petition fails to state a cause of action or a right of action against INTERTEK.

### THIRD DEFENSE

AND NOW, answering the specific allegations contained in the Petition, INTERTEK avers as follows:

## PARTIES

1.1

The allegations of Paragraph 1.1 are denied for lack of sufficient information to justify a belief therein.

1.2

INTERTEK is a corporation authorized to do business in Louisiana.

1.3

The allegations of Paragraph 1.3 are denied for lack of sufficient information to justify a belief therein.

1.4

The allegations of Paragraph 1.4 are denied for lack of sufficient information to justify a belief therein.

## JURISDICTION AND VENUE

2.1

The allegations of Paragraph 2.1 are denied for lack of sufficient information to justify a belief therein.

2.2

The allegations of Paragraph 2.2 are denied for lack of sufficient information to justify a belief therein.

## FACTUAL BACKGROUND

### 3.1

The allegations of Paragraph 3.1 are denied as to INTERTEK; remaining allegations are denied for lack of sufficient information to justify a belief therein.

### 3.2

The allegations of Paragraph 3.2 are denied as to INTERTEK; remaining allegations are denied for lack of sufficient information to justify a belief therein.

### 3.3

The allegations of Paragraph 3.3 are denied as to INTERTEK; remaining allegations are denied for lack of sufficient information to justify a belief therein.

## FIRST CAUSE OF ACTION - NEGLIGENCE

### 4.1

Paragraph 4.1 does not require an answer; however, if an answer be deemed necessary, the allegations of Paragraph 4.1 are denied.

### 4.2

The allegations fo Paragraph 4.2 are denied as to INTERTEK; remaining allegations are denied for lack of sufficient information to justify a belief therein.

## SECOND CAUSE OF ACTION - GROSS NEGLIGENCE

### 5.1

Paragraph 5.1 does not require an answer; however, if an answer be deemed necessary, the allegations of Paragraph 5.1 are denied.

3

5.2

The allegations of Paragraph 5.2 are denied as to INTERTEK; remaining allegations are denied for lack of sufficient information to justify a belief therein.

DAMAGES

6.1

The allegations of Paragraph 6.1 are denied for lack of sufficient information to justify a belief therein

6.2

The allegations of Paragraph 6.2 are denied for lack of sufficient information to justify a belief therein

6.3

The allegations of Paragraph 6.3 are denied.

AND NOW, IN FURTHER ANSWERING, INTERTEK hereby pleads the following affirmative defenses in response to all allegations of Plaintiff's Petition:

FOURTH DEFENSE

In the event, and solely in the event, that liability is found to exist on the part of a person, firm, or corporation for whom INTERTEK is or may be responsible, all of which is at all times specifically denied, INTERTEK avers that Plaintiff was guilty of comparative fault constituting a proximate cause of the alleged accident in question, which acts of

comparative fault consist of the following non-exclusive particulars:

a. Failing to keep a proper lookout for his own safety;

b. Failing to exercise reasonable and prudent care under the circumstances then existing;

c. Being inattentive to his physical surroundings;

d. Acting carelessly or recklessly under the circumstances;

e. Placing himself in a zone of danger;

f. Failing to take proper precautions for his own safety and/or well-being;

g. Failing to abide by safety rules, regulations and policies and/or procedures;

h. In general, in failing to do what he could have done and should have done to avoid the incident; and

i. Other acts of negligence or fault that will be more fully shown at the trial of this matter.

## FIFTH DEFENSE

INTERTEK avers that the negligence of Plaintiff was a contributing or sole cause of the alleged injuries, thus diminishing or barring Plaintiff's recovery. Such negligence includes, but is not limited to, failure to keep a proper watch, failure to exercise due care under the circumstances, and all other negligent or wrongful acts or omissions that may be discovered or proven in this matter.

## SIXTH DEFENSE

INTERTEK avers that if Plaintiff is entitled to recover from INTERTEK, which right is expressly denied, Plaintiff's recovery is barred and/or reduced in proportion to the degrees or percentage of fault attributable to Plaintiff and/or any other person or entity to whom or to which a percentage of fault is attributed.

## SEVENTH DEFENSE

INTERTEK avers that the alleged injuries, if any, were caused by acts or omissions or conditions that are responsibilities of persons other that INTERTEK and for whom INTERTEK had no legal responsibility or control and whose comparative fault is plead in bar, diminution, or mitigation of any recovery by Plaintiff.

## EIGHTH DEFENSE

INTERTEK avers that the alleged injuries and damages, if any, were caused by superseding and intervening acts and/or negligence and/or strict liability of parties over whom INTERTEK had no control and/or for whose actions INTERTEK is not liable.

## NINTH DEFENSE

Plaintiff's demands are barred by failure to mitigate, minimize, or abate damages or by his failure to provide INTERTEK with adequate information about pre-existing medical conditions.

## TENTH DEFENSE

INTERTEK avers that at all times relevant, INTERTEK complied with all applicable laws, regulations and standards.

## ELEVENTH DEFENSE

INTERTEK denies that it was liable to any extent as alleged in the Petition, and claim exoneration form all liability for all losses, damages and injuries incurred by Plaintiff as a result of the allegations contained in the Petition and for any other damages or claims that exist or may arise, but have not been specifically pled.

## TWELFTH DEFENSE

INTERTEK avers that Plaintiff has or may have received payment of medical expenses and/or other benefits, including, but not limited to, under a policy or policies of health, accident and/or hospitalization insurance, Medicare or Medicaid benefits and/or at a charity hospital or other government hospital and/or Workers' Compensation insurance, and has subrogated his rights and claims to payment of said benefits and expenses to the person, firm, corporation or entity issuing said policy or benefits and therefore has no right of action against INTERTEK for any of the amounts so paid.

## THIRTEENTH DEFENSE

INTERTEK specifically denies that the Plaintiff has a claim for punitive damages. Said damages are unconstitutional and are prohibited under and violate the United States Constitution, including but not limited to the provisions of the Eighth Amendment and

Fourteenth Amendment to and/or Article 1, Section 10 of the United States Constitution.

## FOURTEENTH DEFENSE

INTERTEK claims a credit or set-off for all amounts previously paid to Plaintiff arising from in any way the incident described in the Petition.

## FIFTEENTH DEFENSE

INTERTEK specifically pleads that plaintiff, plaintiff's co-employees, plaintiff's supervisors, and plaintiff's employer were independent contractors of INTERTEK for whose actions, inactions, negligence, or fault INTERTEK has no responsibility or liability.

## SIXTEENTH DEFENSE

INTERTEK avers that if plaintiff was not an independent contractor, then plaintiff was the employee, borrowed servant, and/or statutory employee of INTERTEK and any cause of action in tort is barred by the applicable provisions of the Longshore and Harbor Workers' Compensation Act or the Louisiana State Workers' Compensation Act.

## SEVENTEENTH DEFENSE

In the further alternative, defendant avers that the Petition of the plaintiff is prohibited and/or barred by the applicable provisions of the Longshore & Harbor Workers' Compensation Act.

## EIGHTEENTH DEFENSE

INTERTEK hereby demands trial by jury.

## NINETEENTH DEFENSE

INTERTEK reserves the right to supplement and amend its answer, as well as add or alter affirmative defenses contained therein, as additional information is obtained through discovery.

WHEREFORE, Defendant, INTERTEK USA, INC., respectfully prays that this Answer be deemed good and sufficient, and that after all legal delays are had, there be judgment herein in favor of INTERTEK USA, INC. and against Plaintiff, dismissing Plaintiff's claims, with prejudice and at Plaintiff's cost, and for all general and equitable relief and for trial by jury.

Respectfully submitted,

DAIGLE RAYBURN LLC

BY:  */s/ J. Daniel Rayburn, Jr.*
SUSAN A. DAIGLE - #4459
J. DANIEL RAYBURN, JR. - #11404 (T.A.)
600 Jefferson Street, Suite 1200
P.O. Box 3667
Lafayette, Louisiana  70501-3667
Tel:  (337) 234-7000
Fax:  (337) 237-0344

ATTORNEYS FOR INTERTEK USA INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this date been filed electronically; that the Electronic Case Filing system will e-mail a Notice of Electronic Filing to all counsel of record.

Lafayette, Louisiana, this 28th day of August, 2020.

/s/ J. Daniel Rayburn, Jr.
J. DANIEL RAYBURN, JR.
